**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION**

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| v. | CASE NO.: 4:18-cr-260 |
| KERI ANN-MARIE LEWIS, | |
| Defendant. | |

**O R D E R**

Like much of the world, inmates in federal prisons are understandably concerned about the health risks posed by the COVID-19 ("coronavirus") pandemic. Given the recognized risks that the pandemic poses within detention facilities, many federal prisoners are filing motions for immediate release or to alter their place of confinement. Defendant Keri Ann-Marie Lewis has filed two motions requesting such relief, a motion requesting immediate release, (doc. 1356), and a motion that she be allowed to serve her sentence in a residential reentry center, (doc. 1381). The Court is not unsympathetic to Lewis's concerns. However, her concerns do not warrant the extraordinary relief she seeks. Thus, for the reasons set forth below, the Court **DENIES** her Motion to Reduce Sentence, (doc. 1356), and her Motion for Placement in a Residential Reentry Center, (doc. 1379).

**BACKGROUND**

After Lewis pleaded guilty to conspiracy to distribute a quantity of methamphetamine, the Court sentenced her to sixty-eight months' imprisonment. (Doc. 1170.) Lewis is currently serving that sentence at FCI Hazelton located in Bruceton Mills, West Virginia, with a projected release date of July 13, 2023. (Doc. 1381, p. 2.) On September 22, 2020, Lewis filed a Motion to Reduce

Sentence asking to be released due to the COVID-19 pandemic and unsanitary conditions at her place of confinement. (Doc. 1356.) On December 1, 2020, she filed another motion requesting "12 months [residential reentry center] placement as set forth in the Second Chance Act of 2007." (Doc. 1379.) The United States has responded in opposition to Lewis's Motions. (Docs. 1362, 1381.)

## DISCUSSION

### I.  Defendant's Request to be Released to a Residential Reentry Center

Designation of an inmate's place of confinement rests within the absolute discretion of the Bureau of Prisons ("BOP"). Pursuant to 18 U.S.C. § 3621, "[a] person who has been sentenced to a term of imprisonment . . . shall be committed to the custody of the Bureau of Prisons until the expiration of the term imposed . . . ." 18 U.S.C. § 3621(a). This statute gives the BOP the exclusive authority to designate the place of imprisonment of any prisoner. Id. at § 3621(b). The United States Supreme Court has interpreted this statute to mean that "the Attorney General, through the BOP, has the responsibility for administering [a prisoner's] sentence." United States v. Wilson, 503 U.S. 329, 335 (1992) (citing 18 U.S.C. § 3621(a)); see also United States v. Smalley, No. 1:13-CR-010, 2015 WL 5001189, at *1 (S.D. Ga. Aug. 21, 2015) ("the 'primary authority to designate defendant's manner and place of confinement at any stage during execution of [his] prison sentence rests with the Bureau of Prisons, not with the Court'") (quoting United States v. Morales–Morales, 985 F. Supp. 229, 231 (D.P.R. 1997)); Brown v. Atkinson, No. 09–23555–Civ, 2010 WL 3659634, *4 (S.D. Fla. Jun. 11, 2010) ("A federal district court does not have the authority to order an inmate's placement in a particular facility or program.") (cited sources omitted). Furthermore, 18 U.S.C. § 3624(c)(1), directs only the BOP, to the extent practicable, to ensure that an defendant spends a portion of the final months of her custodial sentence (not to

2

exceed 12 months), under conditions that will give the defendant a reasonable opportunity to adjust to and prepare for reentry into the community. Such conditions may include a residential re-entry center or "RRC." See 18 U.S.C. § 3624(c)(1); 28 C.F.R. §§ 570.20(a), 570.21(a). While Lewis cites the Second Chance Act, "nothing in that statute alters the BOP's discretion as to where it places prisoners." United States v. Gaines, No. CR 608-012-3, 2020 WL 2561774, at *2 (S.D. Ga. May 20, 2020) (citing Vasquez v. Strada, 684 F.3d 431, 434 (3d Cir. 2012)). Moreover, as explained by the Government in response to Lewis's Motion, she has failed to exhaust her administrative remedies as to her residential reentry center request, and her request is not yet ripe as her projected release date is approximately thirty months away. (Doc. 1381, pp. 4—5.)

For all these reasons, the Court lacks the authority to grant Lewis's request that she be placed in a residential reentry center. Only the BOP can grant her that relief, and she should, therefore, make her request to that agency and not this Court. Thus, the Court **DENIES** Defendant's Motion for release to a residential reentry center, (doc. 1379).

## II.     Defendant's Construed Request for Compassionate Release

The Court will construe Lewis's motion to reduce sentence as a request for compassionate release under the First Step Act at 18 U.S.C. § 3582(c)(1)(A).[1] Section 3582(c)(1)(A) provides a narrow path for a district court to reduce the sentence of a criminal defendant where there are "extraordinary and compelling reasons" to do so. 18 U.S.C. § 3582(c)(1)(A)(i). Prior to the passage of the First Step Act, only the Director of the BOP could file a motion for compassionate release in the district court. The First Step Act modified Section 3582(c)(1)(A) to allow a

---

[1] Lewis's arguments regarding the conditions of her confinement could also be seen as a petition for a writ of habeas corpus filed pursuant to 28 U.S.C. § 2241. However, as the Government explained in its Response, (doc. 1362, p. 11), Lewis would have to file that motion in the district of her confinement, and this Court cannot grant her relief pursuant to Section 2241. Diaz v. United States, 580 F. App'x 716, 717 (11th Cir. 2014) (Section 2241 petition filed "by a federal prisoner must be brought in the district where the inmate is incarcerated.") (citing Rumsfeld v. Padilla, 542 U.S. 426, 443–44 (2004)).

defendant to move a federal district court for compassionate release. However, there are four prerequisites to a court's granting compassionate release under the First Step Act. First, the defendant must have exhausted her administrative rights with the BOP. Id. Second, the court must find that "extraordinary and compelling reasons warrant" release. 18 U.S.C. § 3582(c)(1)(A)(i). Third, the court must consider the factors set forth in 18 U.S.C. § 3553(a). 18 U.S.C. § 3582(c)(1)(A). Fourth, the court must find that release is consistent with the Sentencing Commission's policy statements. 18 U.S.C. § 3582(c)(1)(A). "The defendant generally bears the burden of establishing that compassionate release is warranted." United States v. Smith, No. 8:17-CR-412-T-36AAS, 2020 WL 2512883, at *2 (M.D. Fla. May 15, 2020) (citing United States v. Hamilton, 715 F.3d 328, 337 (11th Cir. 2013)).

The Court may only grant Lewis compassionate release and reduce her sentence if it finds that "extraordinary and compelling reasons" warrant such a reduction and that the reduction is "consistent with applicable policy statements issued by the [United States] Sentencing Commission." 18 U.S.C. § 3582(c)(1)(A). Section 1B1.13 of the Sentencing Guidelines provides the applicable policy statement, explaining that a sentence reduction may be ordered where a court determines, upon consideration of the factors set forth in 18 U.S.C. § 3553(a), that "extraordinary and compelling reasons" exist and the defendant does not present a danger to the safety of any other person or the community. U.S. SENTENCING GUIDELINES MANUAL § 1B1.13 (U.S. SENTENCING COMM'N 2018). The application notes to this policy statement list three specific examples of extraordinary and compelling reasons to consider reduction of a defendant's sentence under Section 3582(c)(1)(A): (1) a medical condition; (2) advanced age; and (3) family circumstances. Id. at § 1B1.13 cmt. n.1(A)–(C). A fourth catch-all category provides: "As determined by the Director of the Bureau of Prisons, there exists in the defendant's case an

extraordinary and compelling reason other than, or in combination with," the aforementioned three categories.  Id. at § 1B1.13 cmt. n.1(D).

In this case, the only category into which Lewis may possibly fall is a qualifying medical condition.  To qualify as extraordinary and compelling, an inmate's medical condition must be "serious and advanced . . . with an end of life trajectory," or must be serious enough that it "substantially diminish[es] the ability of the [inmate] to provide self-care within the environment of a correctional facility and . . . he or she is not expected to recover [from it]."  U.S. SENTENCING GUIDELINES MANUAL § 1B1.13, cmt. n.1(a)(i).  The Government concedes that Lewis suffers from obesity.  (Doc. 1362, p. 14.)  Further, the Government acknowledges that, according to the Centers for Disease Control, an obese person is at an increased risk of severe illness from COVID-19.  (Id.) See Centers for Disease Control, *Groups At Higher Risk for Severe Illness*, available at https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/groups-at-higher-risk.html (last visited on January 15, 2021).  Thus, Government agrees that the combination of Lewis's obesity and the CDC's current recommendations qualifies as an "extraordinary and compelling reason" for purposes of 18 U.S.C. § 3582(c).  (Doc. 1362, p. 14.)

The Court has reviewed the medical records attached to the Government's response and finds that Lewis's medical conditions combined with the COVID-19 pandemic present extraordinary and compelling reasons that could warrant relief under Section 3582(c)(1)(A). However, the Court can only grant such relief "after considering the factors set forth in section 3553(a)."  18 U.S.C. § 3582(c)(1)(A); see also, United States v. Webster, No. 3:91CR138, 2020 WL 618828, at *5–6 (E.D. Va. Feb. 10, 2020) (denying defendant compassionate release even though defendant's terminal cancer presented extraordinary and compelling grounds for relief because the purposes of sentencing weigh against compassionate release and noting "[e]ven if a

5

defendant meets the eligibility criteria for compassionate release, the Court retains discretion over whether to grant that relief."). Pursuant to Section 3553(a), federal courts must impose sentences "sufficient, but not greater than necessary" to satisfy the purposes of sentences. 18 U.S.C. § 3553(a). To that end, courts must consider:

1. the nature and circumstances of the offense and the history and characteristics of the defendant;
2. the need for the sentence imposed –
   a. to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;
   b. to afford adequate deterrence to criminal conduct;
   c. to protect the public from further crimes of the defendant; and
   d. to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner;
3. the kinds of sentences available;
4. the kinds of sentences and the sentencing range established for [the applicable offense category as set forth in the guidelines];
5. any pertinent policy statement ... by the Sentencing Commission;
6. the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and
7. the need to provide restitution to any victims of the offense.

18 U.S.C. § 3553(a).

An evaluation of these factors weighs heavily against Lewis's request for compassionate release. The charge Lewis pleaded guilty to is a serious crime for which Congress establishes a penalty of up to twenty years. Lewis already received a sentence well below that potential penalty and far below the sentence recommended by application of the United States Sentencing Guidelines. Further, the Court sentenced her only a year and five months ago. Releasing her after that short period would not reflect the seriousness of her offense, would not provide just punishment, and would contradict the purposes of deterrence. 18 U.S.C. § 3553(a)(2)(A)-(B). Further, remaining within the custody of the Bureau of Prisons provides Lewis the opportunity to receive "needed educational or vocational training" and "other correctional treatment in the most effective manner." 18 U.S.C. § 3553(a)(2)(D). While Lewis raises concerns about the medical

treatment she is receiving and the conditions of her detention, the medical records attached to the Government's Response indicate that prison officials are attending to her medical needs, and the Government's Response also indicates that the BOP is taking measures to address COVID-19 in its facilities including Lewis's.  Moreover, allowing Lewis to be released would create significant sentencing disparities between Lewis and other defendants with similar records who have been found guilty of similar conduct.  18 U.S.C. § 3553(a)(6).  In sum, the Court has reviewed all of the Section 3553(a) factors and finds that they warrant the denial of her motions for compassionate release.

## CONCLUSION

Based upon the foregoing, the Court **DENIES** Defendant Keri Lewis's motion requesting immediate release, (doc. 1356), and motion that she be allowed to serve her sentence in a residential reentry center, (doc. 1381).

**SO ORDERED**, this 20th day of January, 2021.

_____
R. STAN BAKER
UNITED STATES DISTRICT JUDGE
SOUTHERN DISTRICT OF GEORGIA